UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
LISA NIREN, on behalf of herself and others
similarly situated,                                                 Case No.:

              Plaintiff,                       __COMPLAINT__

    v.

PELOTON INTERACTIVE, INC.,
TOM CORTESE, YONY FENG, JOHN FOLEY,
FRED KLEIN, HISAO KUSI, and
GRAHAM STANTON,

              Defendants.
--------------------------------------------------------------------x

      Plaintiff, Lisa Niren, on behalf of herself and other similarly situated employees, by and through her undersigned attorneys, Milman Labuda Law Group PLLC, files this Complaint against Defendants, Peloton Interactive, Inc. ("Peleton" or Corporate Defendant), Tom Cortese, Yony Feng, John Foley, Fred Klein, Hisao Kusi, and Graham Stanton, (each individually the "Individual Defendants" and collectively with Peleton, the "Defendants") and states as follows:

## INTRODUCTION

      1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) damages for retaliation; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

      2.    Plaintiff further alleges that, pursuant to New York Labor Law, she is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) statutory penalties; (5) damages for retaliation; (6) damages for failure to

provide proper wage statements and wage notices; (7) prejudgment and post-judgment interest; (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. 1331, and has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct serving as the basis of this Complaint took place in this judicial district and because Defendants reside in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of New York County, New York.

6.      Upon information and belief, Defendant Peloton Interactive, Inc. is a foreign business corporation existing under the laws of the State of Delaware, with a principal place of business at 158 W. 27th Street, 4th Floor, New York, New York 10001.

7.      Upon information and belief, the Defendant Peloton provides fitness training services, specifically indoor cycling training, and sells indoor cycling bicycles.

8.      Upon information and belief, Defendant Tom Cortese is an officer, founder and shareholder of Peloton. He has an address for service of process at 158 W. 27th Street, 4th floor, New York, New York 10001. At all relevant times, he was an owner and operator of Peloton.

9.      Upon information and belief, Defendant Yony Feng is an officer, founder and shareholder of Peloton. He has an address for service of process at 158 W. 27th Street, 4th floor, New York, New York 10001. At all relevant times, he was an owner and operator of Peloton.

10.     Upon information and belief, Defendant John Foley is an officer, founder and shareholder of Peloton. He has an address for service of process at 158 W. 27th Street, 4th floor, New York, New York 10001. At all relevant times, he was an owner and operator of Peloton.

11.     Upon information and belief, Defendant Fred Klein is an officer and shareholder of Peloton. He has an address for service of process at 158 W. 27th Street, 4th floor, New York, New York 10001. At all relevant times, he was an owner and operator of Peloton.

12.     Upon information and belief, Defendant Hisao Kusi is an officer, founder and shareholder of Peloton. He has an address for service of process at 158 W. 27th Street, 4th floor, New York, New York 10001. At all relevant times, he was an owner and operator of Peloton.

13.     Upon information and belief, Defendant Graham Stanton is an officer, founder and shareholder of Peloton. He has an address for service of process at 158 W. 27th Street, 4th floor, New York, New York 10001. At all relevant times, he was an owner and operator of Peloton.

14.     The individual Defendants exercised control over the terms and conditions of the Plaintiff and similarly situated employees. Each of the Individual Defendants exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff and similarly situated employees. Each also exercised the power and authority to supervise and control supervisors of Plaintiff and similarly situated employees.

15.     Plaintiff, Lisa Niren, was employed by Defendants in New York City to work as a cycling instructor and Head Coach.

16.     At all relevant times, the corporate Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

17.     At all relevant times, the work performed by Plaintiff and similarly situated employees was directly essential to the business operated by Defendants.

18.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

19.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all cycling instructors employed by Defendants on or after the date that is six years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

21.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek.

22.     The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.  Specifically, Plaintiff and FLSA Collective Plaintiffs claim that Defendants willfully violated their rights by (1) failing to pay their minimum wages in the lawful amount for hours worked and (2) failing to pay them overtime at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek.

23.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## CLASS ACTION

24.    Plaintiff brings claims for relief pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants, including cycling instructors.

25.    All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the position held and rates of pay for each Class member are also determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. 23.

26.    The proposed Class is so numerous that a joinder of all members in impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

27.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class.  The relief sought by Plaintiff is also typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same practices of Defendants, as alleged herein, of (1) failing to pay minimum wages and overtime compensation; (2) failing to provide proper wage and hour notice to Class members, at date of

hiring and annually, per requirements of the New York Labor Law; and (3) failing to provide wage statements per requirements of the New York Labor Law.  Defendants' corporate-wide policies and practices affected all Class members similarly.  Plaintiff and other Class Member sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

28.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interest antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for Defendants.  Moreover, the issues in this action can be decided by means of common, class-wide proof.

30.     Employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Class actions provide class members who are not named a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing the risk of retaliation.

31.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

  a.   Whether Defendants employed Plaintiff and the Class within the meaning of New York and Federal law;

  b.   What are and were the policies and practices of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

  c.   Whether Defendant properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

  d.   Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

  e.   Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law; and

  f.   Whether Defendants failed to properly compensate Plaintiff and Class members for all their hours worked.

## STATEMENT OF FACTS

32.     In or about March 2014, Plaintiff, Lisa Niren, was hired by Defendants to work as a cycling instructor and Head Coach at their business located at 140 W. 23rd Street, New York, New York 10011. Plaintiff was employed by Defendants until in or about August 26, 2015.

33.     Plaintiff's mandatory duties included, but were not limited to, teaching cycling classes, crafting a different music playlist for each cycling class, marketing the Peloton brand via social media, developing sequences and routines for her cycling classes, watching training content for new techniques and cycling trends and practices, speaking with clients, and selling Peloton indoor cycling bicycles.

34.     In or around August 2015, Plaintiff made complaints to Peloton that the cycling studio at their 140 W. 23rd Street, New York, New York 10011 location contained unsafe conditions for riders and instructors. Thereafter, Plaintiff was maliciously fired after she alerted Defendants' management about the unsafe conditions.

35.     During Plaintiff's employment by Defendants, she generally worked six (6) or seven (7) days a week, working approximately twelve (12) to fourteen (14) hours a day.

36.     Defendants paid Plaintiff a set amount each week, which only compensated her for forty (40) hours of the week, even though Plaintiff frequently worked many hours in excess of forty (40) hours.

37.     Plaintiff was not paid overtime compensation.  Work performed above forty (40) hours per week was not paid at time and one-half her regular rate as required by state and federal law.

38.     Defendants knowingly and willfully operated their businesses with policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New  York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor regulations.

39.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

40.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to provide their employees, including Plaintiff, adequate wage statements and wage notices in violation of New York Labor Law.

41.     In or about September 2015, Plaintiff, through her undersigned attorneys, inquired about her rights under FLSA and New York Labor Law regarding wages and overtime to Defendants.  In retaliation for this inquiry, Defendants withdrew their severance offer to Plaintiff of $23,000 and Defendants blocked Plaintiff's future employment with a Chicago-based cycling studio affiliated with Peloton.

42.     Those actions taken by Defendants constitute acts of retaliation intended to punish Plaintiff for asserting her rights under FLSA and New York Labor Law.  The Defendants actions operate to dissuade reasonable workers, including Plaintiff, from asserting their rights under the FLSA and New York Labor law.

43.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### Count I
### Violation of the Fair Labor Standards Act

44.     Plaintiff re-alleges and re-avers each and every allegations and statements contained in paragraphs "1" through "43" of this Complaint as if fully set forth herein.

45.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29, U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and similarly situated employees are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46.     At all relevant times, Defendants employed Plaintiff and similarly situated employees within the meaning of the FLSA.

47.     Upon information and belief, at all relevant times, Defendants has had gross revenues in excess of $500,000.

48.     Plaintiff and other similarly situated employees worked hours for which they were not paid the statutory overtime rate.

49.     Plaintiff and other similarly situated employees were entitled to be paid at the rate of time and one-half their regular rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

50.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

51.     At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

52.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

53.     The Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

54.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff in the possession and custody of the Defendants are believed to be false.

55.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

56.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

57.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensations, an equal amount as liquidated damages, and pre-judgment and post-judgment interest thereon.

58.     Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**Violation of New York Labor Law**

59.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60.     At all relevant times, Plaintiff and others similarly situated were employed by Defendants within the meaning of New York Labor Law § 651.

61.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times her regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

62.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees, and costs and

disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## Count III
## Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act

63.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraph "1" through "62" of this Complaint as if fully set forth herein.

64.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

65.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

66.     Defendants did not provide Plaintiff with an accurate written statement properly accounting for her actual hours worked, and setting forth her hourly rate of pay, regular wage, and/or overtime wages.

67.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

68.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and, as such, are liable for civil penalties, attorneys' fees and costs.

## COUNT IV
## FLSA Retaliation Claim

69.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraph "1" through "68" of this Complaint as if fully set forth herein.

70.     Defendants' withdrawal of Plaintiff's agreed upon severance pay and Defendants' blocking of Plaintiff's employment at a Chicago-based cycling studio that uses Peloton's software constitute adverse employment actions.

71.     Those adverse employment actions were causally connected to Plaintiff's inquiries regarding her pay.

72.     Defendants violated the FLSA by discriminating against plaintiff for exercising her rights protected under the FLSA, specifically 29 U.S.C. § 215(a)(3).

73.     As a result of Defendants' violations, Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215 (a)(3), in an amount to be determined at trial.

## COUNT V
## New York Labor Law ("NYLL") Retaliation

74.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraph "1" through "73" of this Complaint as if fully set forth herein.

75.     By inquiring about her pay as alleged above, Plaintiff engaged in activity protected under New York Labor Law ("NYLL") § 215.

76.     Defendants' withdrawal of Plaintiff's agreed upon severance pay and Defendants' blocking of Plaintiff's employment at a Chicago-based cycling studio that uses Peloton's software constitute adverse employment actions.

77.     These actions were causally connected to Plaintiff's inquiries regarding her pay.

78.     Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising her protected rights.

79.     As a result of Defendants' violations, Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

## COUNT VI

### NYLL Retaliation Relating to Public Health

80.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraph "1" through "79" of this Complaint as if fully set forth herein.

81.     Plaintiff repeatedly told Defendants' managers that the acoustics in the cycling studio posed a substantial and specific danger to public health and safety.

82.     Worried that Plaintiff would disclose such information to public health authorities, Defendants terminated Plaintiff's employment.

83.     Such action violates NYLL § 740 (2), as Defendants took retaliatory personnel action against Plaintiff because Defendants believed that Plaintiff would disclose a specific danger to public health and safety to a supervisor or public body.

84.     As a result of Defendants' violations, Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 740, in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Lisa Niren, on behalf of herself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

(b)     An award of unpaid overtime wages due under the FLSA and NYLL;

14

(c)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to the NYLL;

(e)     An award of appropriate damages for the retaliatory acts taken against Plaintiff, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages and punitive damages, in an amount to be determined at trial;

(f)     An award of pre-judgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h)     Such other and further relief as this Arbitrator determines to be just and proper.

Dated: Lake Success, New York
         December 4, 2015

                                   Respectfully submitted,

                                   /s/ Joseph M. Labuda
                                   Joseph M. Labuda, Esq.
                                   Matthew A. Brown, Esq.
                                   John M. Harras, Esq.
                                   MILMAN LABUDA LAW GROUP, PLLC
                                   Attorneys for Defendantss
                                   3000 Marcus Avenue, Suite 3W8
                                   Lake Success, NY 11042
                                   (516) 328-8899
                                   joe@mllaborlaw.com
                                   matt@mmmlaborlaw.com
                                   john@mllaborlaw.com