UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA NIREN, on behalf of herself and others similarly situated,<br><br>      Plaintiff,<br><br>-against-<br><br>PELOTON INTERACTIVE, INC., TOM CORTESE, YONY FENG, JOHN FOLEY, FRED KLEIN, HISAO KUSI, and GRAHAM STANTON,<br><br>      Defendants. | Case No.: 15-CV-9517 (VEC)<br><br>**SETTLEMENT AND**<br>**RELEASE AGREEMENT** |

  **WHEREAS,** Lisa Niren ("Plaintiff") commenced an action against Peloton Interactive, Inc. ("Peloton"), Tom Cortese, Yony Feng, John Foley, Fred Klein, Hisao Kushi (incorrectly named in the caption as "Hisao Kusi"), and Graham Stanton (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants") on or about December 4, 2015, in the United States District Court for the Southern District of New York (hereinafter, the "Court"), bearing Docket 15-CV-9517 (VEC) (hereinafter, the "Action") alleging unlawful employment practices in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law and supporting New York regulations ("NYLL");

  **WHEREAS,** Defendants filed their Answer on January 29, 2016, denying Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

  **WHEREAS,** Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") mutually desire to resolve and settle in full all claims that Plaintiff has, had, or may have against any other, by way of this Settlement and Release Agreement ("Agreement");

**WHEREAS,** Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith both prior to and during a Settlement Conference held on March 14, 2016, before Chief U.S. Magistrate Judge Debra Freeman, to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.  In consideration of the payment to Plaintiff by Defendants of the total gross sum of Ninety Thousand Dollars and Zero Cents ($90,000) (USD) (hereinafter, the "Settlement Amount"), Plaintiff, for herself, her heirs, executors, administrators, successors and assigns and anyone who has or obtains any legal rights or claims through her, forever waive, generally release, and fully discharge Defendants, their parent(s), subsidiaries, affiliates, divisions, joint ventures and related entities and persons, their successors and assigns, and their past and present directors, officers, agents, attorneys, insurers or insurance carriers, owners, employees, and any fiduciaries of any employee benefit plan or policy, in both their individual and representative capacities and each of them (collectively, with Defendants, "Releasees"), of and from any and all claims that were and/or could have been brought in this Action and/or arose as a result of Plaintiff's employment with Defendants, including, but not limited, to any claims brought under the FLSA and the NYLL ("Released Claims"). Defendants forever waive, generally

release, and fully discharge Plaintiff, her heirs, successors, and assigns, from any and all claims that were and/or could have been brought in this Action and/or arose as a result of Plaintiff's employment with Defendants or otherwise until the date of full execution of this Agreement.

2. Within fourteen (14) calendar days of the date counsel for Defendants receive: (i) this Agreement, fully executed and signed by Plaintiff; (ii) the Stipulation of Dismissal ("Stipulation") in the form attached as "Exhibit A" and signed by Plaintiff's counsel of record in the Action; (iii) a fully executed IRS Form W-9 from Plaintiff's counsel of record in the Action; and (iv) a fully executed IRS Form W-9 from Plaintiff, the Parties will submit this Agreement to the Court for approval.

3. Provided that the Stipulation is "So Ordered" by the Court, the Settlement Amount shall be paid by Defendants within seven (7) business days from the "So Ordered" date, as follows:

   a) $28,500, less applicable withholdings, payable to Lisa Niren. This amount shall be reportable on a year-end IRS Form W-2 issued to Lisa Niren.

   b) $28,500, payable to Lisa Niren. This amount shall be reportable on a year-end IRS Form 1099 issued to Lisa Niren. Plaintiff affirms and represents that this amount is compensation for her alleged emotional distress.

      c) $33,000, payable to Milman Labuda Law Group PLLC. This amount shall be reportable on a year-end IRS Form 1099 issued to Milman Labuda Law Group PLLC.

4. All payments set forth in Paragraph 3 above shall be delivered to or mailed to the attention of Plaintiff's counsel, Matthew A. Brown, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042.

5. It is understood that the settlement of this matter by Defendants is to avoid expense and terminate all controversy and/or claims for damages or relief in connection with Plaintiff's employment and/or separation from employment with Peloton. Neither the negotiation nor execution of this Agreement shall constitute or operate as an acknowledgment or admission of any kind by Defendants that they have violated any law, regulation or other obligation with respect to Plaintiff's employment and/or separation from employment.

6. Except as otherwise provided in Paragraph 7 of this Agreement, Plaintiff agrees and covenants not to file or move to reopen any action, suit, complaint, claim, grievance, demand for arbitration or other proceeding against Releasees, either individually or as a member of a class in any class or collective action, in any court or other forum with regard to any claim, demand, liability, obligation or matter arising out of her employment with Peloton, separation from employment, or otherwise. Except as otherwise provided in Paragraph 7 of this Agreement, Plaintiff hereby represents that other than the Action, no action, suit, complaint, claim, grievance, demand for arbitration or other proceeding was filed or is pending against Releasees in any court or other forum relating directly or

indirectly to her employment with Peloton, separation from employment, or otherwise.

7. The Parties agree that nothing in this Agreement shall be construed to prohibit Plaintiff from challenging illegal conduct or engaging in protected activity, including without limitation filing a charge or complaint with, and/or participating in any investigation or proceeding conducted by, the National Labor Relations Board, Equal Employment Opportunity Commission and/or any other federal, state or local government agency. Further, the Parties agree that nothing in this Agreement shall be construed to interfere with the ability of any federal, state or local government agency to investigate any such charge or complaint, or Plaintiff's ability to communicate voluntarily with such agency. However, by signing this Agreement, Plaintiff understands that she is waiving her right to receive individual relief based on claims asserted in any such charge or complaint, except where such waiver is prohibited. Plaintiff understands that her release of claims as contained in this Agreement does not extend to any rights she may have under any laws governing the filing of claims for COBRA, unemployment, disability insurance and/or workers' compensation benefits. Plaintiff further understands that nothing herein shall be construed to prohibit her from: (a) challenging Peloton's failure to comply with its promises to make payment and provide other consideration under this Agreement; (b) asserting her right to any vested benefits to which she is entitled pursuant to the terms of the applicable plans and/or applicable law; and/or (c) asserting any claim that cannot lawfully be waived by private agreement.

8. Except as otherwise provided in Paragraph 7 of this Agreement, the Parties agree that there shall be no disclosure or publicity of the terms and conditions of this Agreement, except if such disclosure is required by law. Except as otherwise provided in Paragraph 7 of this Release, Plaintiff agrees that she shall not disclose the terms and conditions of this Agreement to anyone, including but not limited to current, future and/or former employees of Peloton, except that she may tell her adult immediate family members, attorney and/or tax preparer, as long as she tells them that they must keep this information confidential as well. Except as otherwise provided in Paragraph 7 of this Agreement, if any Party is asked about the Action and/or this Agreement, the Party shall only respond that "The Parties have reached an amicable resolution."

9. Except as otherwise provided in Paragraph 7 of this Agreement, Plaintiff agrees not to make, directly or indirectly, to any person or entity, including but not limited to Peloton's employees, customers and/or Board of Directors, and/or the press, any negative or disparaging oral or written statements about, or do anything which damages, the Releasees, or its or their services, reputation, good will or financial status, or which damages it or them in any of its or their business relationships. However, nothing in this Paragraph 10 shall prevent Plaintiff from testifying honestly if required by law to testify in a legal proceeding or from participating fully in a government investigation.

10. The individually named Defendants and their successors, along with any other owners, directors, officers, board members, managers, and supervisors of the corporate Defendant, and their successors, agree not to make, directly or

indirectly, to any person or entity, including but not limited to Peloton's employees, customers and/or Board of Directors, and/or the press, any negative or disparaging oral or written statements about, or do anything which damages, Plaintiff. However, nothing in this Paragraph 10 shall prevent Defendants (including any agents of Defendants) from testifying honestly if required by law to testify in a legal proceeding or from participating fully in a government investigation.

11. Plaintiff agrees to direct any employment-related inquiries, including any inquiries related to prospective employment at Studio Three, 648 N. Clark Street, Chicago, Illinois 60654 ("Studio Three"), to Peloton's Human Resources Director (or appropriate designee), who will respond to such inquiries by only providing Plaintiff's dates of employment, position(s) held, and final salary.

12. Within seven (7) business days from the date the Stipulation is "So Ordered" by the Court, Peloton shall mail a letter to Mr. David J. Blitz, Studio Three, 648 N. Clark Street, Chicago, Illinois 60654, with a copy to Plaintiff, c/o Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042, that states, in sum and substance, that Peloton is agnostic regarding any application for employment Lisa Niren may submit or has submitted to Studio Three, and that the outcome of any such application for employment shall have no material impact on Studio Three's business relationship with Peloton.

13. Except as set forth herein, this Agreement shall not be cited in any manner for any purposes against Defendants, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees,

administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort.

14. Plaintiff acknowledges that she has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

15. The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions or the payment of wages, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiff's claims or allegations have merit. In fact, Plaintiff acknowledges that Defendants explicitly refute and deny any claims of wrongdoing.

16. Nothing in this Agreement shall abrogate Paragraphs 2-3, 5, 7, 9, and 11-17 in the agreement Plaintiff and Peloton entered into on March 15, 2015.

17. Plaintiff affirms that she is not a Medicare beneficiary.

18. This Agreement shall not be interpreted in favor of or against either Party on account of such Party's counsel having drafted this Agreement.

19. Plaintiff acknowledges that she has not divested, hypothecated, or otherwise bargained away any interest she possesses in her purported claims. Plaintiff

acknowledges and represents that she knows of no other person or entity that holds a remunerative interest in any plausible legal claims she or it could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

20. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation.

21. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

22. This Agreement may only be modified, altered or changed in a writing signed by the Parties.

23. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

24. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement executed in any number of counterparts shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Defendants, A.

Michael Weber, Esq., Littler Mendelson, P.C., 900 Third Avenue, 8th Floor, New York, New York 10022, mweber@littler.com and counsel for Plaintiff, Matthew A. Brown, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042.

25. Plaintiff represents that she has been advised to consult legal counsel regarding this Agreement, and further represents that she has consulted legal counsel regarding this Agreement prior to signing it. Plaintiff further represents that she has been provided a reasonable opportunity to review this Agreement, and understands all of the provisions of this Agreement, and is executing it freely and voluntarily.

**IN WITNESS WHEREOF**, Plaintiff and Defendants, and their respective counsel, have duly executed this Settlement Agreement and Release freely and voluntarily.

Dated: April 21, 2016

MILMAN LABUDA LAW GROUP PLLC

By: _____

Joseph M. Labuda
Matthew A. Brown
John M. Harras
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
(516) 328-8899

Dated: April 28, 2016

LITTLER MENDELSON, P.C.

By: _____

A. Michael Weber
Joshua S. Hurwit
900 Third Avenue
8th Floor
New York, New York 10022
(212) 583-9600

AGREED AND ACCEPTED:

_____
LISA NIREN

STATE OF NEW YORK  )
                   ) SS.:
COUNTY OF  NY      )

    On this __21st__ day of __April__, 2016, before me personally came LISA NIREN, to me known and known to me to be the person described in and who executed the foregoing instrument and she acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

EDWARD MARTE
Notary Public - State of New York
No. 01MA6221167
Qualified in New York County
My Commission Expires July 31, 2016

AGREED AND ACCEPTED:

_____
Peloton Interactive, Inc.

Name and Title: General Counsel

Date: April 22, 2016

AGREED AND ACCEPTED:

_____
Tom Cortese

Date:

AGREED AND ACCEPTED:

_____
Yony Feng

Date:

11

AGREED AND ACCEPTED:

_____
LISA NIREN

STATE OF NEW YORK   )
                    ) SS.:
COUNTY OF  NY       )

On this __21st__ day of __April__, 2016, before me personally came LISA NIREN, to me known and known to me to be the person described in and who executed the foregoing instrument and she acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

AGREED AND ACCEPTED:

EDWARD MARTE
Notary Public - State of New York
No. 01MA6221167
Qualified in New York County
My Commission Expires July 31, 2018

_____
Peloton Interactive, Inc.

Name and Title:

Date:

AGREED AND ACCEPTED:

_____
Tom Cortese

Date:  April 21, 2016

AGREED AND ACCEPTED:

_____
Yony Feng

Date:

11

AGREED AND ACCEPTED:

_____
LISA NIREN

STATE OF NEW YORK )
                 ) SS.:
COUNTY OF NY     )

On this __21st__ day of __April__, 2016, before me personally came LISA NIREN, to me known and known to me to be the person described in and who executed the foregoing instrument and she acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

EDWARD MARTE
Notary Public - State of New York
No. 01MA6221167
Qualified in New York County
My Commission Expires July 31, 2018

AGREED AND ACCEPTED:

_____
Peloton Interactive, Inc.

Name and Title:

Date:

AGREED AND ACCEPTED:

_____
Tom Cortese

Date:

AGREED AND ACCEPTED:

_____
Yony Feng

Date: 4/25/2016

11

**AGREED AND ACCEPTED:**

_____
John Foley
Date: 4/26/16

**AGREED AND ACCEPTED:**

_____
Fred Klein

Date:

**AGREED AND ACCEPTED:**

_____
Hisao Kushi

Date:

**AGREED AND ACCEPTED:**

_____
Graham Stanton

Date:

**AGREED AND ACCEPTED:**

_____
John Foley

Date:

**AGREED AND ACCEPTED:** _/s/ Fred Klein_

_____
Fred Klein

Date: 4/25/16

**AGREED AND ACCEPTED:**

_____
Hisao Kushi

Date:

**AGREED AND ACCEPTED:**

_____
Graham Stanton

Date:

**AGREED AND ACCEPTED:**

_____
John Foley

Date:

**AGREED AND ACCEPTED:**

_____
Fred Klein

Date:

**AGREED AND ACCEPTED:**

*[signature]*
_____
Hisao Kushi

Date: April 22, 2016

**AGREED AND ACCEPTED:**

_____
Graham Stanton

Date:

**AGREED AND ACCEPTED:**

_____

John Foley

Date:

**AGREED AND ACCEPTED:**

_____

Fred Klein

Date:

**AGREED AND ACCEPTED:**

_____

Hisao Kushi

Date:

**AGREED AND ACCEPTED:**

*[signature]*

Graham Stanton

Date: 4/22/2016

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA NIREN, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>PELOTON INTERACTIVE, INC., TOM CORTESE, YONY FENG, JOHN FOLEY, FRED KLEIN, HISAO KUSI, and GRAHAM STANTON,<br><br>Defendants. | Case No.: 15-CV-9517 (VEC)<br><br>**STIPULATION OF DISMISSAL**<br>**WITH PREJUDICE** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, that this action, including all claims that were asserted herein, is hereby dismissed with prejudice, the parties to bear their own costs and attorneys' fees except as otherwise agreed between the parties.

Dated: April 29, 2016
New York, New York

MILMAN LABUDA LAW GROUP PLLC

_____
Matthew A. Brown
John M. Harras
*Attorneys for Plaintiff*
3000 Marcus Avenue
Suite 3W8
Lake Success, New York 11042
(516) 328-8899

LITTLER MENDELSON, P.C.

_____
A. Michael Weber
Joshua S. Hurwit
*Attorneys for Defendants*
900 Third Avenue
8th Floor
New York, New York 10022
(212) 583-9600

**SO ORDERED**

_____
Hon. Valerie E. Caproni, U.S. District Judge

Dated: _____, 2016
         New York, New York

14